**EXHIBIT A**

CENTER FOR DISABILITY ACCESS
Dennis Price, Esq., SBN 279082
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| **Chris Langer,**<br><br>Plaintiff,<br><br>v.<br><br>**Zoological Society of San Diego, dba San Diego Zoo Global,** a Domestic NonProfit; and Does 1-10,<br><br>Defendants, | **Case No.** 37-2020-00032979-CU-CR-CTL<br><br>**UNLIMITED CIVIL CASE**<br><br>**Complaint for Injunctive Relief and Damages For Violations Of**: Americans with Disabilities Act; Unruh Civil Rights Act |

Plaintiff Chris Langer ("Plaintiff") complains of Zoological Society of San Diego, dba San Diego Zoo Global, a Domestic NonProfit; and Does 1-10 ("Defendants"), and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a disabled individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff suffers from Delayed Endolymphatic Hydrops (DEH) which has caused permanent partial hearing loss. He utilizes a variety of assistive listening devices in his day to day life, including hearing aids and headphones to compensate, though this still does not enable him to receive complete aural communication. When consuming audio content such as movies or tutorials on the internet, he turns on closed captioning in order to comprehend all of the content.

2. Defendant Zoological Society of San Diego, dba San Diego Zoo Global ("SDZ Global") owned or operated the San Diego Zoo Global located in San Diego County, in June and August 2020.

3. Defendant Zoological Society of San Diego, dba San Diego Zoo Global owns and operates San Diego Zoo Global located in San Diego County currently.

4. Defendant Zoological Society of San Diego, dba San Diego Zoo Global owned or operated the San Diego Zoo Global website, with a root domain of: sandiegozoo.org, and all related domains, sub-domains and/or content contained within it, ("Website") in June and August 2020.

5. Defendant Zoological Society of San Diego, dba San Diego Zoo Global owns or operates the Website currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein,

2

Complaint

including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION:**

7. This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because they conduct substantial business in the State of California, County of San Diego, and Defendant's offending Website is available throughout California.

8. Venue it proper in this Court because Defendant conducts business in this County.

9. Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Americans with Disabilities Act.

**FACTUAL ALLEGATIONS:**

10. Plaintiff suffers from hearing loss and is a member of a protected class under the ADA.

11. Plaintiff relies on subtitles and closed captioning to hear audio in recorded content.

12. San Diego Zoo Global operates a "brick and mortar" facility in California, open to the public, place of public accommodation, and business establishment.

13. San Diego Zoo Global offers videos on its Website to induce customers to purchase its goods and to provide ideas on how to best use them. Websites and videos are some of the facilities, privileges, or advantages offered by

3

Complaint

Defendants to patrons of San Diego Zoo Global.

14. Plaintiff was a prospective customer who wished to access Defendant's goods and services.

15. Plaintiff visited the Website in June and August 2020 to confirm the business was open, and look for information about the company and its products.

16. When Plaintiff attempted to view video content on the Website, he discovered that the videos lacked closed captioning, which made him unable to fully understand and consume the contents of the videos.

17. Plaintiff experienced difficulty and discomfort in attempting to view videos including: "Welcome Back" and "Toco Toucans". As a result of this inaccessibility he was deterred from further use of the Website.

18. Currently, the Defendants either fail to provide an accessible website or Defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

19. Despite multiple attempts to access the Website using Plaintiff's computer, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers.

20. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

21. By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

22. Plaintiff has been deterred from returning to the website as a result of these prior experiences.

23. The failure to provide accessible facilities created difficulty and

4

Complaint

EXHIBIT 4/PAPGE 000007

discomfort for the Plaintiff.

24. If the Website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and avail himself of its goods and/or services.

25. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that the San Diego Zoo Global and Website are accessible.

26. Plaintiff is currently deterred from doing so because of Plaintiff's knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the Website. If the barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.

27. The barriers identified above violate easily accessible, well-established industry standard guidelines for making digital content accessible to people with hearing-impairments to access websites. Given the prevalence of websites that have implemented these standards and created accessible digital content, it is readily achievable to construct an accessible website without undue burden on San Diego Zoo Global or a fundamental alteration of the purpose of the Website.

28. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.1 AA standards are a viable remedy for these deficiencies and a standard that has been adopted by California courts for website accessibility.

29. It's been established that failure to remove inaccessible website conditions violates the ADA and California law and requiring compliance with industry access standards is a remedy available to the plaintiff.

30. The website content was intentionally designed, and based on information and belief, it is the Defendants', policy and practice to deny

1  Plaintiff access to the website, and as a result, deny the goods and services
2  that are otherwise available to patrons of San Diego Zoo Global.

3  31. Due to the failure to construct and operate the website in line with industry standards, Plaintiff has been denied equal access to Defendant's park and the various goods, services, privileges, opportunities and benefits offered to the public by San Diego Zoo Global.

32. Closed captioning can be provided at little cost, sometimes free or mere dollars per minute of video content.

33. Given the nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the Website that relate to his disability. In addition to the barriers he personally encountered, Plaintiff intends to seek removal of all barriers on the Website that relate to his disability. See *Doran v. 7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier).

34. Plaintiff will amend the complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

1. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. Defendant is a public accommodation with the definition of Title III of the ADA, 42 USC § 12181

1  2. The website provided by the Defendant is a service, privilege or
2  advantage of San Diego Zoo Global's brick and mortar facility.
3  3. When a business provides services such as a website, it must provide an
4  accessible website.
5  4. Here, access to an accessible website has not been provided. A failure
6  to provide an accessible website is unlawful discrimination against persons
7  with disabilities.
8  5. Here, access to an accessible website has not been provided. A failure
9  to provide an accessible website is unlawful discrimination against persons
10  with disabilities.
11  6. Under the ADA, it is an act of discrimination to fail to ensure that the
12  privileges, advantages, accommodations, facilities, goods and services of any
13  place of public accommodation is offered on a full and equal basis by anyone
14  who owns, leases, or operates a place of public accommodation. *See:* 42
15  U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure
16  to make reasonable modifications in policies, practices, or procedures, when
17  such modifications are necessary to afford goods, services, facilities,
18  privileges, advantages, or accommodations to individuals with disabilities,
19  unless the accommodation would work a fundamental alteration of those
20  services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."
21  7. Here, the failure to ensure that the accessible facilities were available
22  and ready to be used by the plaintiff is a violation of the law.
23  8. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and
24  rights set forth and incorporated therein, Plaintiff requests relief as set forth
25  below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

7

Complaint

Code § 51-53.)

1. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

2. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. *Cal. Civ. Code* § 51(f).

3. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

4. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* § 55.56(a)-(c).

5. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to Defendants' failures to take action to ensure that its websites were fully

8

Complaint

EXHIBIT 4/PAPGE 000011

accessible to and independently usable by hearing-impaired individuals, including providing closed-captioning on all video content containing audio elements.

2. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violating the ADA with respect to its website.

3. Damages under the Unruh Civil Rights Act § 51[1], which provides for actual damages and a statutory minimum of $4,000 for each offense.

4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and *Cal. Civ. Code* § 52.

Dated: September 2, 2020         CENTER FOR DISABILITY ACCESS

By: *[signature]*

Russell Handy, Esq.
Attorney for Plaintiff

---

[1] Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

9

Complaint

EXHIBIT 4/PAPGE 000012