1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10

| CHRIS LANGER, an individual, | Case No.:  20-cv-2227-AJB-BGS |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| ZOOLOGICAL SOCIETY OF SAN DIEGO, dba SAN DIEGO ZOO GLOBAL, a Domestic Non-Profit, and Does 1-10, | |
| Defendant. | **(Doc. No. 10)** |

        Before the Court is Defendant, Zoological Society of San Diego's ("Defendant")
motion to dismiss Plaintiff's complaint. (Doc. No. 10.) Plaintiff alleges two causes of
action: (1) a violation of the Americans Disability Act of 1900 ("ADA"), 42 U.S.C.
§ 12101, et seq. and (2) a violation of the Unruh Civil Rights Act ("Unruh Act"), California
Civil Code § 51–53. (Doc. No. 1-2 at 7–9.) Pertinent here, Defendant asserts that "the Court
lacks subject matter jurisdiction over Plaintiff's ADA claim, which has been rendered moot
because the Subject Videos are now captioned." (Doc. No. 10 at 8.) Defendant further
contends that the Court "should decline to exercise supplemental jurisdiction over
Plaintiff's remaining Unruh Act claim." (*Id.*)

        "Federal courts are courts of limited jurisdiction[.] It is to be presumed that a cause
lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon

the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). In response to Defendant's motion, Plaintiff filed a non-opposition, conceding that his ADA claim should be dismissed as moot, and that his remaining Unruh Act claim should be remanded. (Doc. No. 13 at 1–2.) The Court agrees.

Specifically, the Court finds that Plaintiff's sole ADA claim has been rendered moot because Defendant has remedied the alleged barriers by providing closed captions to the Subject Videos. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotations and citations omitted). The Court therefore dismisses Plaintiff's ADA claim for lack of subject matter jurisdiction.

As the Court has dismissed Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over his remaining state law claim under California's Unruh Civil Rights Act, and will remand that claim to state court, from where this action was removed. *See, e.g.*, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (holding that the district court did not err "in declining to exercise supplemental jurisdiction over [plaintiff's] state law claims" when it "properly disposed of 'all claims over which it had original jurisdiction.'") (citing 28 U.S.C. § 1367(c)(3)).

//
//
//
//
//
//
//
//
//
//

Accordingly, based on the foregoing:

1. The Court finds Defendant's motion suitable for determination on the papers and without oral argument; the motion hearing on March 4, 2021 is therefore **VACATED**. Civil Local R. 7.1.d.1.

2. Defendant's motion to dismiss is **GRANTED**. (Doc. No. 10.)

3. Plaintiff's ADA claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

4. Defendant's request for costs[1] pursuant to Federal Rule of Civil Procedure 54(d) is **DENIED** because "costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003)

5. The action is **REMANDED** to the Superior Court of San Diego.

**IT IS SO ORDERED**.

Dated:  January 26, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Defendant did not request costs in its motion to dismiss and raised the issue for the first time in its reply brief. (Doc. No. 14 at 2.)

20-cv-2227-AJB-BGS